

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 19  AM 10: 21

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ALBERT MICKEL # 294294**          **CIVIL ACTION**

**versus**          **NO. 05-2988**

**CORNEL HUBERT**          **SECTION: "D" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Fee_____
Process_____
X  Dktd_____
✓ CtRmDep_____
____ Doc. No _____

Petitioner, Albert Mickel, is a state prisoner incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.  On March 31, 1999, he was convicted of possession of a firearm by a felon in violation of La.Rev.Stat.Ann. § 14:95.1.[2]  On April 14, 1999, he was sentenced to a term of fifteen years imprisonment; however, the judge ordered that the last five years of the sentence be suspended and that petitioner be placed on probation for that period.[3]  Petitioner did not appeal his conviction or sentence.

On November 27, 2000, petitioner filed with the state district court a motion for resentencing[4] which was denied on November 30, 2000.[5]  On March 19, 2001, he again filed with the state district court a motion for resentencing[6] which was denied on April 2, 2001.[7]

On February 13, 2003, petitioner filed with the state district court an application for post-conviction relief.[8]  On February 19, 2003, the state district judge granted that application and granted petitioner an out-of-time appeal.[9]  However, on December 9, 2003, the Louisiana Fifth

---

[2] State Rec., Vol. I of II, trial transcript, pp. 103-04; State Rec., Vol. I of II, minute entry dated March 31, 1999; State Rec., Vol. I of II, jury verdict form.

[3] State Rec., Vol. I of II, transcript of April 14, 1999; State Rec., Vol. I of II, minute entry dated April 14, 1999.

[4] State Rec., Vol. I of II.

[5] State Rec., Vol. I of II, Order dated November 30, 2000.

[6] State Rec., Vol. I of II.

[7] State Rec., Vol. I of II, Order dated April 2, 2001.

[8] State Rec., Vol. I of II.

[9] State Rec., Vol. I of II, Order dated February 19, 2003.

Circuit Court of Appeal dismissed that appeal as untimely.[10]  Petitioner did not seek review of that

decision in the Louisiana Supreme Court.

On April 19, 2004, petitioner filed with the state district court a second post-

conviction application[11] which was denied on April 21, 2004.[12]  He then filed with the Louisiana

Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on June 10,

2004.[13]

On July 28, 2004, he filed with the state district court a "Motion to Correct an

Illegally Lenient Sentence."[14]  That motion was denied on August 5, 2004.[15]  He next filed with the

Louisiana Fifth Circuit Court of Appeal a "Petition for Writ of Supervisory, Remedial Writ and/or

---

[10]  State v. Mickel, 864 So.2d 661 (La. App. 5th Cir. 2003) (No. 03-KA-795); State Rec., Vol. II of II.

[11]  State Rec., Vol. II of II

[12]  State Rec., Vol. II of II, Order dated April 21, 2004.

[13]  State v. Mickel, No. 04-KH-629 (La. App. 5th Cir. June 10, 2004) (unpublished); State Rec., Vol. II of II.

[14]  State Rec., Vol. II of II.

[15]  State Rec., Vol. II of II, Order dated August 5, 2004.

Writ of Review"[16] which was denied on September 1, 2004.[17] He then filed with the Louisiana Supreme Court an application for a writ of certiorari[18] which was denied on June 17, 2005.[19]

On June 26, 2005, petitioner filed this federal application for *habeas corpus* relief.[20] In support of his application, he claims that his sentence is illegally lenient and the state courts wrongly failed to correct that error.

The state argues that petitioner's federal application is untimely.[21]  Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence became final.  28 U.S.C. § 2244(d)(1)(A).[22]

---

[16]  State Rec., Vol. II of II

[17]  State v. Mickel, No. 04-KH-1030 (La. App. 5th Cir. Sept. 1, 2004) (unpublished); State Rec., Vol. II of II.

[18]  State Rec., Vol. II of II.

[19]  State *ex rel.* Mickel v. State, 904 So.2d 692 (La. 2005) (No. 2004-KH-2515); State Rec., Vol. II of II.

[20]  Rec. Doc. 1.

[21]  Rec. Doc. 3, pp. 6-9.

[22]  28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

As noted, on April 14, 1999, petitioner was sentenced.  Because he did not file a direct appeal within the five days allowed by state law, his conviction and sentence became final no later than April 21, 1999.[23]  The Court expressly notes that, pursuant to Salinas v. Dretke, 354 F.3d 425 (5th Cir.), cert. denied, 541 U.S. 1032 (2004), the finality date of his conviction and sentence for AEDPA purposes was not affected by the fact that he was subsequently granted an out-of-time appeal by the state district court on February 19, 2003.

In Salinas, the United States Fifth Circuit Court of Appeals was confronted with the issue of how the grant of an application to file an out-of-time petition for discretionary review ("PDR") under Texas law affected the running of the AEDPA's statute of limitations.  In that case, the federal district court had held that the petitioner's one-year period for seeking federal *habeas*

---

the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[23]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's conviction and sentencing in 1999, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence.  In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A).  In 1999, April 17 was a Saturday and April 18 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction became final.

*corpus* review expired on March 31, 2002, and, therefore, his federal application was untimely when filed on April 28, 2002. However, on October 30, 2002, the Texas Court of Criminal Appeals granted petitioner's application to file an out-of-time PDR. At that point, *for state law purposes,* petitioner's conviction was again on direct review until the state court rejected the PDR on January 22, 2003. The United States Fifth Circuit Court of Appeals noted:

> When the Court of Criminal Appeals grants the right to file an "out-of-time" PDR, it restores the petitioner to the position he was in when he first possessed the right to petition for discretionary review. A defendant who still has the right to file a PDR is considered to be in the midst of the direct review process.

Salinas, 354 F.3d at 429 (citation and footnote omitted). The Fifth Circuit continued:

> On this basis, Salinas urges that the statute of limitations could not have lapsed in April 2002, because the prescription period should have begun only on the conclusion of direct review, *see* 28 U.S.C. § 2244(d)(1)(A), and direct review once again was pending when the [federal] district court dismissed his petition [on November 18, 2002]. Thus, Salinas argues, his conviction was "de-finalized," and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003.
>
> We disagree. *On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See* § 2244(d)(1), (2). *So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action.* Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. *See* § 2244(d)(2).
>
> Thus, the issue is not whether the Court of Criminal Appeals' action revitalized Salinas's limitations period, but rather whether the existence of that potential relief prevents the limitations period from starting to run after that level of appeal has been denied. That is to say, we need to determine whether, in Texas, the mechanism by which Salinas obtained the right to file an "out-of-time" PDR is part of the direct or collateral review process. If that relief comes as a

result of direct review, there would be no basis for limitations even
to begin running until the Court of Criminal Appeals finalized the
judgment by declining to grant relief on that level of appeal. *If, on
the other hand, an "out-of-time" PDR is awarded only as a result of
the collateral review process, limitations is tolled merely while the
petitioner seeks to obtain that relief.*

*After reviewing the relevant state law, we conclude that the
Court of Criminal Appeals is authorized to grant this form of relief
only through state habeas proceedings. As a result, when a petitioner
convicted in the Texas system acquires the right to file an "out-of-
time" PDR, the relief tolls AEDPA's statute of limitations until the
date on which the Court of Criminal Appeals declines to grant further
relief, but it does not require a federal court to restart the running of
AEDPA's limitations period altogether.*

Salinas, 354 F.3d at 429-30 (footnotes omitted) (emphasis added).

Therefore, as described by the Fifth Circuit, the grant of an application to file an out-of-time

PDR is secured in Texas through the state post-conviction collateral review process. When such an

application is granted, then the criminal defendant is considered to again be in the midst of the direct

review process *for state law purposes*. Nevertheless, because the permission to pursue the out-of-

time PDR was granted through post-conviction collateral proceedings, *for federal law purposes* the

criminal defendant is entitled only to tolling under § 2244(d)(2), not a "restarting" of the statute of

limitations under § 2244(d)(1)(A).

The undersigned concludes that the same would be true with respect to petitioner's grant of

an out-of-time appeal under Louisiana law. After petitioner's conviction and sentence originally

became "final" for state law purposes in 1999, he secured the out-of-time appeal through the filing

of a state post-conviction application in 2003.[24] Despite the fact that the grant of the out-of-time

---

[24]   The Court notes that the Louisiana Supreme Court has held that an out-of-time appeal can be
secured *only* in post-conviction proceedings. State v. Counterman, 475 So.2d 336 (La. 1985).

appeal again restored petitioner to the midst of the direct review process for state law purposes, Salinas dictates that the AEDPA's statute of limitations, having already been properly initiated, was not "restarted" by the filing of the post-conviction application, the grant of the out-of-time appeal, and the subsequent proceedings.[25]

Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period that petitioner had to file his application for federal *habeas corpus* relief commenced on April 21, 1999, when his conviction and sentence initially became final, and expired on April 21, 2000, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, from April 21, 1999, through April 21, 2000, petitioner had no applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to tolling of the statute of limitations.

The Court notes that petitioner filed numerous post-conviction motions and applications with the state courts on and after November 27, 2000. However, because those motions and applications were filed after the expiration of the AEDPA's one-year statute of limitations, they have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th

---

[25] This is especially true in light of the fact that the state appellate court found that the out-of-time appeal was wrongly granted and dismissed the appeal as untimely.

Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 21, 2000, in order to be timely. Petitioner's federal application was not filed until June 26, 2005,[26] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Albert Mickel be **DISMISSED WITH PREJUDICE**.

---

[26] Petitioner signed his application for federal *habeas corpus* relief on June 26, 2005. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Houma, Louisiana, this ___18th___ day of October, 2005.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE